**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HAIQING ZHU, | No. 08-70865 |
| Petitioner, | Agency No. A099-040-124 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 21, 2015[**]

Before:    REINHARDT, LEAVY, and BERZON, Circuit Judges.

Haiqing Zhu, native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's decision denying his motion to reopen removal proceedings conducted in

absentia.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for abuse of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying as untimely Zhu's motion to reopen, where it was filed approximately ten months after issuance of his order of removal in absentia, and Zhu failed to establish any statutory or regulatory basis to excuse the untimeliness of his motion. *See* 8 C.F.R. § 1003.23(b)(4)(ii); 8 U.S.C. § 1229a(b)(5)(C). Nor did the agency abuse its discretion by declining to equitably toll the 180-day filing deadline. *Iturribarria v. INS*, 321 F.3d 889, 898 (9th Cir. 2003) (equitable tolling may be warranted when ineffective assistance of counsel causes late filing of a motion to reopen).

To the extent Zhu seeks to raise additional grounds for establishing exceptional circumstances, we lack jurisdiction to consider these unexhausted contentions. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA."). We likewise lack jurisdiction to consider Zhu's unexhausted due process claim regarding his first hearing, and – to the extent he requests it – sua sponte reopening of his case. *Id.*

We deny Zhu's motion to take judicial notice of documents, and do not consider the unexhausted contentions regarding ineffective assistance raised in the

motion. *See id.; Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (the court's review is limited to the administrative record).

In light of this disposition, we need not reach Zhu's remaining contentions.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**